IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| SALIMATOU SOW<br>901 Quarry Street, Apt. 415<br>Darby, PA 19023<br><br>                Plaintiff,<br><br>   v.<br><br>PEACEFUL LIVING<br>569 Yoder Road<br>Harleysville, PA 19438<br><br>                Defendant. | Civil Action No.: _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Salimatou Sow ("Plaintiff"), by and through her undersigned attorney, for her Complaint against Peaceful Living ("Defendant"), alleges as follows:

1. Plaintiff brings this action to redress violations by the Defendant of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.,. As a result, Plaintiff has suffered damages set forth herein.

## **PARTIES**

2. Plaintiff Salimatou Sow (hereinafter, "Plaintiff") is a citizen of the United States and Pennsylvania, and currently maintains a residence at 901 Quarry Street, Apt. 415, Darby, PA 19023.

3. Upon information and belief, Defendant Peaceful Living is a limited liability company registered to do business in the Commonwealth of Pennsylvania and maintains a place of business located at 569 Yoder Road, Harleysville, PA 19438.

**JURISDICTION AND VENUE**

4. This is an action authorized and instituted pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

**FACTUAL BACKGROUND**

6. Paragraphs 1 through 5 are hereby incorporated by reference as though the same were fully set forth at length herein.

7. In or around 2021, Defendant hired Plaintiff into the position of DSP.

8. At all times material hereto, Plaintiff performed her job well and was not subjected to any justifiable discipline.

9. During the course of Plaintiff's employment, Plaintiff was pregnant.

10. Plaintiff was bullied because of her pregnancy.

11. By way of example, Defendant's Sharita Last Name Unknown ("Sharita LNU") would comment to that Plaintiff "dresses ugly," was "stupid," and that "pregnant people are stupid."

12. Plaintiff reported the same, but was accused by Defendant of lying.

13. On or about January 18, 2024, Plaintiff gave birth.

14. Plaintiff requested and utilized maternity leave for the same and for after the birth.

15. In or around March 2024, Plaintiff returned from maternity leave.

16. On occasion, Plaintiff would inform Defendant that she needed to call-out of work in order to take her baby to get vaccinations/immunizations.

17. Plaintiff's baby developed a reaction/became sick from the vaccinations/immunizations.

18. Plaintiff would keep Defendant informed of the same.

19. Plaintiff inquired about FMLA use but did not receive any response.

20. Defendant had actual notice that Plaintiff's child was in need of medical attention, but did not offer or discuss any possible FMLA use with Plaintiff.

21. By way of example, on or about November 7, 2024, Plaintiff was in the hospital with her child who was hospitalized.

22. Plaintiff spoke with her Supervisor, Afreem Johns ("Mr. Johns") about this, who solely stated that an employee had a limited amount of times they could call off.

23. By way of example, on or about November 9, 2024 – November 10, 2024, Plaintiff was in the hospital with her child who was hospitalized.

24. By way of example, on or about November 15, 2024, Plaintiff was in the hospital with her child who was hospitalized.

25. On or about November 17, 2024, Plaintiff provided Defendant with a doctor's note from the Children's Hospital of Philadelphia, noting that Plaintiff was with her child in the hospital and excusing her absence from work on November 9, 2024 – November 10, 2024 and November 15, 2024.

26. In notably close temporal proximity to the same, on or about November 18, 2024, Plaintiff was terminated from her employment.

27. Plaintiff emailed Defendant, inquiring why she was being terminated and noting that it was not right that she was fired because she needed time to care for her child's serious health condition.

28. Plaintiff received a response from Defendant's CEO, Mike Czekner ("Mr. Czekner") who offered Plaintiff a PRA Part-Time job.

29. Mr. Czekner did not discuss nor offer Plaintiff FMLA use for her child.

30. Defendant was put on notice that Plaintiff's child required medical assistance.

31. Defendant did not offer Plaintiff FMLA leave nor provided Plaintiff with any paperwork or information regarding Plaintiff's rights and responsibilities.

32. Plaintiff qualified for FMLA leave and should have been permitted to use FMLA to care for her child.

33. It is believed and therefore averred that Defendant willfully violated the provisions of the FMLA by terminating Plaintiff's employment and interfering with Plaintiff's ability to exercise her rights under the same, in violation of the FMLA.

34. As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damage, including, but not limited to, loss of employment, promotions, benefits, earnings and earnings potential, loss of potential benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation and damage to reputation.

## COUNT I
## THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. § 2601, *et seq.*
## <u>INTERFERENCE</u>

35. Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36. Defendants employed at least fifty (50) employees at its various office locations within the applicable seventy-five (75) mile radius of Plaintiff's worksite for each working day in each of twenty (20) or more calendar days in the current or preceding year.

37. Plaintiff was an eligible employee under the FMLA and entitled to intermittent medical leave for her child's serious health condition.

38. Defendants willfully violated the FMLA terminating Plaintiff's employment and interfering with Plaintiff's ability to exercise her rights under the same

39. The aforementioned actions of Defendants constitute interference under the FMLA.

40. As a result of Defendants' actions, Plaintiff has suffered significant damages.

41. Plaintiff has, because of Defendants' wrongful termination of Plaintiff's employment, suffered loss of employment, promotion benefits, earnings and earnings potential, other significant benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

F.	Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew J. Schreiber*
Andrew J. Schreiber, Esq.
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
aschreiber@phillyemploymentlawyer.com
murphy@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

October 28, 2025

**DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.